UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KEVIN S. TONEY )
 )
v. ) Case No. 1:14-CV-162
 ) *Collier/Carter*
HAMILTON COUNTY, TENNESSEE )

REPORT AND RECOMMENDATION

Plaintiff Kevin S. Toney, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 2). Because I conclude the Court does not have subject matter jurisdiction over this action, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

Plaintiff asserts that Hamilton County, Tennessee is liable to him for the negligent conduct of the Hamilton County Clerk's Office which allegedly failed to promptly update its computer system to indicate he had timely renewed his vehicle registration. As a result, asserts plaintiff, he was wrongly stopped in his vehicle by police for an out-of-date license tag.

Subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000.

1

*Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a)."). In this case, both plaintiff and defendant are Tennessee residents; diversity of citizenship is lacking. *See Brown v. Marshall County, Ky,* 394 F.2d 498, 500 (6th Cir. 1968) ("In *Cowles v. Mercer County*, 74 U.S. (7 Wall.) 118, 19 L.Ed. 86, the Supreme Court held that for purposes of diversity jurisdiction, [a] county is a citizen of the State in which it is located.") Thus dismissal for lack of subject matter jurisdiction is appropriate. *See Bibbins v. P. & S. School Supply*, 142 F.3d 431, *1 (Mar. 17, 1998) (dismissing for failure to allege diversity of citizenship in an action based on state law claims); *Kuntz v. City of Dayton*, 99 F.3d 1139, *1 (Oct. 22, 1996) (same).

Accordingly, for the reasons stated herein, it is RECOMMENDED[1] plaintiff's action be DISMISSED without prejudice and his motion to proceed *in forma pauperis* be DENIED as moot.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).